Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No.  012251
P. David Lopez, PA Bar No.
Equal Employment Opportunity Commission
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012-2504
Telephone:  602-640-5016
Fax:  602-640-5009

E-Mail:
Mary.Oneill@eeoc.gov
Sally.Shanley@eeoc.gov
Patrick.Lopez@eeoc.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>    vs.<br><br>KALIL BOTTLING COMPANY., an Arizona corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civ.

**COMPLAINT**

**(Jury Demand)**

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 ("Civil Rights Act") to correct unlawful employment practices on the basis of disability and to provide appropriate relief in the public interest and to  Gerald Nez, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8-10 below, Defendant Kalil Bottling Company violated the ADA and Title I of the Civil Rights Act when it terminated Mr. Nez's employment because of his disability, diabetes.

1

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Kalil Bottling Company ("Kalil" or "Defendant"), an Arizona corporation, has continuously been doing business in the State of Arizona and the city of Flagstaff and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

///
///

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, Gerald Nez filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least the early 1970s, Defendant has had a policy requiring all employees who drive vehicles as part of their employment, even their own, to pass the medical exam that is required for drivers of commercial motor vehicles.

9.     This policy  is a qualification standard that screens out or tends to screen out individuals with disabilities, including diabetes, in violation of  Section 102 of Title I of the ADA, 42 U.S.C. §12112(b)(6).

10.     On or about February 1, 2005, Defendant engaged in unlawful employment practices at its Flagstaff, Arizona facility, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12112 by terminating the employment of Gerald Nez because of his disability, diabetes.  The facts supporting this claim include but are not limited to the following:

    a.     Defendant hired Mr. Nez as a Merchandiser in August, 2004.  In this position, he used his own pick up truck to deliver soft drinks to retail stores.

    b.     In January, 2005, Defendant told Mr. Nez that he needed to pass the medical exam that is required for drivers of commercial motor vehicles.

    c.     In January, 2005, Mr. Nez failed the commercial motor vehicle driver medical exam because he used insulin.

    d.     On February 1, 2005, Defendant terminated Mr. Nez because he had not passed the exam but said it would rehire him if he passed.

    e.     On or about March 1, 2005 Mr. Nez passed the exam but defendant failed to rehire him.

11.    The effect of the practices complained of in paragraphs 8-10 above were to deprive Mr. Nez of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

12.    The unlawful employment practices complained of in paragraphs 8-10 above were intentional.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in unlawful termination on the basis of disability and any other employment practice which discriminates or tends to screen out employees on the basis of disability.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Gerald Nez by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.    Order Defendant to make whole Gerald Nez by providing compensation for past nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-10 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Grant such further relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED  this 27th day of September 2007

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507


 s/Mary Jo Oneill_____
MARY JO O'NEILL
Regional Attorney


 s/Sally Shanley_____
SALLY C. SHANLEY
Supervisory Trial Attorney

s/ P.David Lopez_____
P. DAVID LOPEZ
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012

Attorneys for Plaintiff