IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KALIL BOTTLING CO.,<br><br>　　　　Defendant. | No. CV 07-488-TUC-BPV<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission") filed this action against the Defendant, Kalil Bottling Co. ("Kalil), to enforce Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. ("the ADA"). In the complaint the Commission alleges that Kalil terminated Gerald Nez from his position of merchandiser, although he was successfully performing all essential functions of the position, because of his disability, diabetes. Specifically, the Commission alleges that Kalil terminated Gerald Nez based on its belief that his diabetes precluded him from performing the essential functions of a merchandiser, and that it did so without doing any individualized assessment and without taking into consideration that Mr. Nez had successfully performed the job of a merchandiser. The Commission further alleges that Kalil took these actions without following its own policy, which mandates an individualized assessment. Kalil, in its Answer to the Complaint, denies the allegations in their entirety. Kalil contended that it made a reasonable accommodation to Nez by changing his job to that of a warehouseman and that Nez voluntarily failed to return to work. The parties, having engaged in settlement negotiations, are now desirous of resolving the claims asserted in this action. This Consent Decree ("Decree") was entered into by the parties as a way

of resolving all outstanding differences that may have existed in this case, and this Decree is intended to fully and finally resolve any and all claims arising out of the Commission's Complaint. The parties agree that this Decree does not constitute an admission by Kalil that it violated the ADA and, further, that this Court has not made any finding that Kalil violated the ADA.

The parties do not object to the jurisdiction of the Court over this action and waive a hearing and the Entry of Findings of Fact and Conclusions of Law. The parties agree to the entry of this Decree subject to the final approval of the Court.

It is ORDERED, ADJUDGED AND DECREED:

The Court has jurisdiction over the subject matter of this action and of the Parties hereto.

This Decree resolves all claims arising out of the issues between the Commission and Kalil in this lawsuit, including without limitation back pay, compensatory and punitive damages, injunctive relief, costs and attorneys fees.

1. This Decree shall resolve all claims by the EEOC under the ADA for both monetary and non-monetary relief regarding Kalil's alleged termination of Gerald Nez.

2. The duration of this decree shall be two (2) years from the date of its entry.

**GENERAL RELIEF**

3. Kalil, its officers, agents, employees, successors, assigns and all persons in active concert or participation with it, shall not engage in any activity which unlawfully violates Title I of the Americans with Disabilities Act ("ADA").

4. During the term of this Decree, Kalil, its officers, agents, employees, successors and assigns shall not engage in any unlawful retaliation or coercion of any kind against any person because such person filed a charge, testified or participated in any manner in the EEOC's investigation giving rise to

-2-

this action or testified or participated in this action, or received any benefits under this Decree.

## MONETARY RELIEF

5.   Judgment is entered in favor of the Commission and against Kalil in the amount of thirty three thousand dollars ($33,000).   Kalil will not condition the receipt of individual relief on an agreement to maintain as confidential the terms of this decree.

6.   Kalil shall pay   the settlement amount   by check, cashier's check, or money order within fourteen (14) days of the entry of the Decree.   Kalil shall issue and mail the check to Shirley Sutter, Mr. Nez's widow at the address provided by EEOC.  This payment represents nine thousand dollars ($9,000.00) as back pay and the remainder as payment of compensatory damages.  Kalil will issue United States Internal Revenue Form 1099 to Ms. Sutter for the compensatory damages.

7.   Within ten business days of issuance of these checks, Kalil will submit a copy of each check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, AZ 85012.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

8.   Kalil will maintain policies and practices that help assure a work environment free from disability discrimination, and that allow employees to request reasonable accommodation pursuant to the ADA.  To assist Kalil in its efforts to assure a work environment free from disability discrimination, Kalil will take the actions provided in paragraphs 9-22.

9.   Within ten (10) days of entry of this Decree, Kalil will modify its current policy that all prospective and current merchandisers and drivers of motor vehicles not regulated by the United States Department of Transportation (U.S.

-3-

DOT) pass the U.S. DOT physical examination for commercial drivers by eliminating automatic exclusions to employment based on medical and/or physical examination results. Any exclusion from employment based on the results of a medical and/or physical examination must follow an individualized assessment of the prospective or current employee, consistent with the requirements of the ADA and ADAAA. Within ten (10) days of entry of this Decree, Kalil will notify all managers, hiring personnel, and human resources personnel of this policy modification

10.   To the extent Kalil has any good faith concern about the ability of any current or prospective employee to perform the essential functions of a job because of his/her mental or physical impairment(s), Kalil shall conduct an individualized assessment consistent with the ADA and ADAAA as to the person's ability to perform the essential functions of the job, with or without reasonable accommodation.

11.   Within thirty days of the entry of this decree, Kalil shall submit a policy document for review to the Regional Attorney of the Phoenix District Office of the EEOC which reflects paragraphs 9 and 10.   In addition, this document will include, at a minimum, the following features:

   a.   An affirmation of the right of Kalil employees to request a reasonable accommodation and to be considered based on an individualized assessment.

   b.   An assurance that all records regarding an employee's request for an accommodation shall be retained during either the duration of the decree or consistent with EEOC regulations, whichever is longer.

12.   This policy shall be distributed, at a minimum, to all current employees previously required by Kalil to obtain or satisfy United States

Department of Transportation requirements to perform their positions unless those employees were otherwise required to do so by federal law.

13.     Within thirty days of the entry of the decree, Kalil shall review all selection and qualification standards for the Merchandiser position to ensure that they are job related and consistent with business necessity.  Further, to the extent Kalil determines the qualification standards are job related and consistent with business necessity, Kalil will evaluate each employee on an individual basis to determine if there exists any lesser restrictive alternative qualification standards.

## STAFF TRAINING AND DEVELOPMENT

14.     Within ninety days following entry of the Decree, Kalil will provide a training session to all management employees, involved in the hiring process, regarding the Americans With Disabilities Act and diabetes.  The training segment shall be at least one hour long and shall include information about the ADA and diabetes, including its medical basis, myths and stereotypes.

15.     At least once every 12 months during the length of the Decree, Kalil shall provide management level employees with all policies or procedures developed or modified pursuant to the decree and shall specifically delineate the manager's responsibilities, if any, under these policies or procedures.

16.     Kalil will provide trainer(s)   knowledgeable about  all of the subjects of  the training, as set forth in paragraph 14. The trainer(s) shall be a person(s) acceptable to the Commission.  Kalil will submit the names(s), address(es), telephone number(s), and resume(s) of the proposed trainer(s) together with the dates of the proposed seminar and the details of the contents of the training to the Regional Attorney of the Phoenix District Office of the Equal Employment Opportunity Commission within sixty days of the entry of this decree.  The EEOC Regional Attorney must approve the trainer(s).

17. All personnel who attend the training referenced in paragraph 14 above shall sign an attendance roster. The registry of attendance shall be retained by Kalil for the duration of the decree.

18. During the first year, the training shall be conducted within four months of the entry of the decree. During the second year, the training shall be conducted at least 10 months, but not more than13 months after the completion of the preceding year's session.

19. During the training session(s), Kalil's Human Resources Manager shall inform the employees of the importance of the ADA and the reasonable accommodation process.

20. The Commission, at its discretion, may designate Commission representatives to attend and participate in the seminar-training session. The EEOC will provide Kalil with reasonable notice of its intent to attend the training session.

## NOTICE OF ADA RIGHTS

21. Kalil will post in an appropriate place frequented by employees, for the duration of this decree, the Notice contained in Attachment A, attached. The Notice shall be the same type, size and style as Attachment A.

## RECORD KEEPING AND REPORTING

22. Kalil shall maintain all records concerning its implementation of this Decree during the term of this Decree. Kalil shall also maintain, and keep available for inspection and copying by EEOC, all records relating to the evaluation and provision of reasonable accommodation consistent with this Decree and EEOC regulations.

## **COMPLIANCE AND DISPUTE RESOLUTION**

23. Kalil will report in writing to the Commission on a semi-annual basis within six months from the entry of this Decree regarding its compliance with the specific terms of the Decree.

24. The parties agree to the entry of this Decree subject to final approval by the Court.

25. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this decree. Should the Court determine that defendant has not complied with this Decree, appropriate relief, including extension of this decree for such period as may be necessary to remedy its non-compliance, may be ordered. This Decree shall expire by its own terms at the end of two years from the date of entry, without further action by the parties.

26. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Kalil has not complied with this Decree, appropriate relief, including extension of this decree for such period as may be necessary to remedy its non-compliance, may be ordered.

## **MISCELLANEOUS PROVISIONS**

27. If any provision(s) of this Decree are found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions shall remain in full force and effect.

DATED this 15th day of March, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge

-7-

APPROVED AS TO FORM AND CONTENT:

s/George Kalil
Kalil Bottling Co. an Arizona Corporation, by
George Kalil, President

s/James M. Sakrison
James M. Sakrison
Slutes, Sakrison & Rogers, P.C.
4801 East Broadway, Suite 301
Tucson, Arizona 85701

Attorneys for Defendant


s/Mary Jo O'Neill
Mary Jo O'Neill
Regional Attorney

s/P. David Lopez
P. David Lopez
Supervisory Trial Attorney

s/T. Diana Chen
T. Diana Chen
Christopher Houk
Trial Attorneys

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Phoenix District Office

3300 North Central Avenue
Suite 690
Phoenix, Arizona 85012
(602) 640-5016

Attorneys for Plaintiff

**EXHIBIT A**

**NOTICE TO ALL EMPLOYEES**
**OF**
**KALIL BOTTLING, INC.**

This Notice is posted pursuant to a Consent Decree entered into between Kalil Bottling, Inc. and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of disability.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Kalil Bottling, Inc. will not discriminate against any employee on the basis of disability and will not retaliate against any employee.

If you believe you have been discriminated against by Kalil Bottling, Inc. you have the right to seek assistance from:

(1)     EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2)     Arizona Civil Rights Division (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

No Retaliation Clause.  No action may be taken against you by any supervisory or management official of Kalil Bottling, Inc. for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under Title VII.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD and the address or telephone numbers listed above.

THIS NOTICE MUST REMAIN POSTED UNTIL _____.

Dated: _____

_____
President
Kalil Bottling, Inc.